By the Court.
At the October term, 1903, of the court of common pleas of Williams county, the plaintiff in error, William Stevenson, was tried and convicted of the crime of arson. A motion for new trial was made and overruled and thereupon he was by said court sentenced to imprisonment in the Ohio penitentiary for the term of four years. From this judgment of the court of common pleas error was prosecuted to the circuit court of Williams county, where, on January 16, 1904, said judgment was affirmed and the cause was remanded to said court of common pleas for execution of sentence. The case is now here upon the application of plaintiff in error for leave to file in this court a petition in error to *12 reverse the judgments of the courts below. It appears from the record in this case that on the impaneling of the jury to try this cause in the court of common pleas, the accused, William Stevenson, demanded the right to challenge peremptorily four of the jurors summoned in said cause, and the bill of exceptions herein recites that: “Thereupon the jurors being sworn upon their voir dire counsel for the state peremptorily challenged two jurors and the counsel for the defense peremptorily challenged two jurors, and thereupon counsel for defendant asked leave to exercise a third peremptory challenge, and did challenge one C. T. Wyatt,,a juror, peremptorily, which challenge the court did overrule, to which ruling of the court counsel for the defendant at the time excepted.” This ruling and action of the court in overruling the defendant’s peremptory challenge to the juror Wyatt, which was the third peremptory challenge exercised by defendant, is here assigned as error. The single question presented by this assignment is whether or not under our statutes, since the amendment to section 5177, Revised Statutes, passed April 29, 1902 (95 O. L., 308), giving to each of the parties to a civil, action the right to peremptorily challenge four jurors, the defendant in a criminal case is entitled to have and may rightfully exercise a like number of peremptory challenges in a criminal prosecution. The determination of this question necessarily involves a consideration of certain of the statutory provisions relating to and governing the right of challenge respectively, in civil and criminal cases, and especially does it involve a consideration of the construction and effect proper to be given to paragraph or subdivision nine of section 7278, Revised Statutes, hereinafter considered.
*13 Section 5176, Revised Statutes, enumerates and defines what shall be good ground for principal challenge, or challenge for cause, in civil cases. These are nine in number, and with but a single exception none of them are ground for challenge in a criminal prosecution, except in so far as they are made so by adoption, by force of the provision of paragraph nine of section 7278, Revised Statutes. Section 5177, as amended April 29, 1902, provides for challenges to the favor and for peremptory challenges in civil cases, and gives to each of the parties to a civil action the right to challenge peremptorily four jurors. Section 7277 of the criminal code prescribes the number of peremptory challenges that shall be allowed the defendant in a criminal prosecution, and section 7278 of the criminal code enumerates and defines what shall be ground for challenge for cause in criminal cases, and after enumerating eight grounds or causes for principal challenge, it is provided by the ninth paragraph of said section that: “The same challenges shall be allowed in criminal prosecutions that are allowed to parties in civil cases.” No other or further right of challenge for cause, or of peremptory challenge, is given by statute, to the defendant in a criminal prosecution, except |>y section 7272, Revised Statutes, in capital cases.
It is the claim and contention of plaintiff in error, that under favor of the provisions of paragraph nine of section 7278 above quoted, that since the amendment to section 5177 of the civil code there is permitted and allowed to defendant in a criminal case not only the same challenges for cause, but the same number of peremptory challenges as is by • said amendment given and allowed to each of the parties *14 in civil cases. Such was not, we think, the purpose- and intention of the legislature in amending section 5177, Bevised Statutes, nor is any such effect to be given said amendment because of the provisions of' paragraph nine of section 7278, Bevised Statutes.. The legislature in this state has enacted separate and distinct codes of procedure to govern the practice in civil and criminal cases, and in each has expressly provided what challenges, for cause and peremptory,, shall be allowed the parties in each particular class, of cases, yet nowhere in the criminal code is any provision to be found that in terms gives to a defendant-more than two peremptory challenges in a criminal case, except in prosecutions for capital offenses. If' then the legislature had intended to make so important a change as to give to a defendant four peremptory challenges in a criminal case, where theretofore but two such challenges had been permitted or allowed, it is hardly reasonable to assume that it. would have undertaken to effect such purpose by amending a section of the statute which related and' applied exclusively to practice in civil cases, rather than by amending and extending the provisions of' the section of the criminal code defining and prescribing the number of peremptory challenges allowed a. defendant in a criminal case, thereby leaving such result to be effected and accomplished, if at all, by mere inference or construction instead of by positive enactment. That paragraph nine, as originally enacted, was not intended to apply to, or to include, peremptory challenges, but that its purpose and-office was merely to so extend the right of challenge-in criminal cases as to embrace and include therein the grounds of principal challenge, or challenge for-cause, in civil cases, affirmatively appears from the: *15 language of such provision itself. As originally-passed, May 6, 1869 (66 O. L., 307), this provision read as follows: “The same challenges for cause shall he allowed in criminal prosecutions that are allowed to parties in civil cases.” By subsequent revisions of the section, of which this paragraph was a. part, the phraseology of the section has been changed and the words “for cause” have been omitted from this paragraph, yet the change so made is not such as to evidence any design or purpose on the part of the legislature to thereby extend its provisions or to make them apply to causes of challenge other and different from those specified in the paragraph as. originally enacted, and the rule is well established by the repeated adjudications of this court that “in the revision of statutes neither an alteration in phraseology nor the omission or addition of words in the latter statute, shall be held necessarily to alter the' construction of the former act. And the court is. only warranted in holding the construction of a statute, when revised, to be changed, when the intent of the legislature to make such change is clear, or the. language used in the new act plainly requires such change of construction.” State ex rel. v. Commissioners of Shelby County, 36 Ohio St., 326; State v. Vanderbilt, 37 Ohio St., 640; State ex rel. v. Stockley, 45 Ohio St., 308.
The right of peremptory challenge is purely a statutory right, and can only be exercised in such cases, and to the extent expressly authorized and allowed by statute. In Ohio, under our code of criminal procedure, the only right of peremptory challenge expressly given a defendant in a criminal case, other than in capital cases, is that given by section 7277, Revised Statutes, which is as follows: “Except as. *16 otherwise provided the prosecuting attorney and every defendant may peremptorily challenge two of the panel, and any of the panel for cause.” As to the right of peremptory challenge, it is only “otherwise provided” by section 7272, Revised Statutes, in capital cases, wherein the defendant is entitled to challenge sixteen of the jurors peremptorily. Goins v. The State, 46 Ohio St., 460. The court of common pleas was therefore right in this case in limiting the defendant, Stevenson, to two peremptory challenges. As to the other assignments of error, we think it enough to say that we have carefully examined and considered all of them and find no error in the record.

Leave refused.

Spear, C. J., Davis, Shauck, Price and Crew, JJ., concur.